UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABRAHAM DE JESUS MARIN,
    Petitioner,                          CASE NO.:   8:09-CV-30-T-17 MAP
v.                                                       8:05-CR-100-T-17 MAP

UNITED STATES OF AMERICA,
    Respondent.
_____/

## ORDER DENYING AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. §2255

This case is before the Court on Abraham De Jesus Marin's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255. Doc. 9; Cr. Doc. 151.[1] The Government filed a Response to Petitioner/Defendant's Motion. Doc. 12. A review of the record demonstrates that for the following reasons, the Motion must be denied.

## PROCEDURAL HISTORY

On May 31, 2005, Marin plead guilty, without a plea agreement, to aiding and abetting in the possession with intent to distribute five (5) kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §1903(a) and (g) and 21 U.S.C. §960(b)(1)(B)(ii) (Count One); and conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §1903(a), (g) and (j) and 21 U.S.C. §960(b)(1)(B)(ii) (Count Two). Cr. Doc. 1.

The District Court sentenced Marin on December 16, 2005, to 135 months imprisonment on both counts to run concurrently. Cr. Doc. 101. Marin timely filed a notice of appeal on December 27, 2005, challenging the failure of the district court to grant a minor role reduction.

---

[1] Citations to the civil case are indicated by "Doc." followed by the docket number of that document. Citations to the criminal case are indicated by "Cr. Doc." followed by the docket number of that document.

Cr. Doc. 105. On March 10, 2008, the United States Court of Appeals, Eleventh Circuit, affirmed Marin's sentence, holding the district court properly denied a minor role departure. Cr. Doc. 146.

On January 23, 2009, Marin filed the present Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255. Doc. 9; Cr. Doc. 151. The Motion to Vacate was timely filed. In his §2255 Motion, Marin asserts three (3) ineffective assistance of counsel claims. Marin also asserts one (1) claim that the court lacked subject matter jurisdiction to sentence him. Doc. 9; Cr. Doc. 151.

## FACTUAL BACKGROUND

On February 27, 2005, Marin and three others were aboard a go-fast vessel in international waters in the Caribbean Sea. Doc. 12 at 3. Once the go-fast vessel was detected and pursued, the defendants on board attempted to flee at a high rate of speed and jettisoned the bales of cocaine overboard. *Id.* In order to make the go-fast vessel stop, the Coast Guard had to shoot out the engines. *Id.* Once the go-fast vessel was halted and agents had boarded the vessel, forty-eight (48) bales of cocaine were recovered, each bale containing approximately 25 kilograms of cocaine, for a total net weight of 1,179 kilograms. *Id.* The go-fast vessel was rendered stateless as it had no flag, markings, or indicia of nationality. *Id.* The crew members identified a man other than Marin as the boat's captain. *Id.*

## DISCUSSION

### *Ineffective Assistance of Counsel Standard*

A Defendant has a Sixth Amendment right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). A lawyer is presumed to be competent to assist a Defendant and the burden is on the Defendant to demonstrate that his lawyer has been

ineffective. *United States v. Cronic*, 466 U.S. 648, 658 (1984). A conviction will be vacated on ineffective assistance of counsel grounds if the Defendant can prove (1) that counsel's performance fell below an objective standard of reasonable professional assistance, and (2) the Defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A Defendant is required to prove both prongs of the *Strickland* test and a failure to prove one will result in a rejection of the claim. *Id.* at 697. "There is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the Defendant makes an insufficient showing on one." *Id.* Thus, if the Defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the Defendant's claim without determining whether the counsel's performance was deficient. *See Coulter v. Herring*, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

*Ineffective Assistance of Counsel Claims (Grounds 1 and 2, and 4)*

Marin contends that he entered his guilty plea against his will based on bad advice from counsel.

Marin claims in Ground One (1) that his counsel told him:

> "You fail to realise (sic) that you are a 'Colombian' with a boatload of 'your poisonous drugs' in front of a judge who has suffered a personal tragedy because of these same type of drugs. You **have nothing coming...even is (sic) you had Jesus Christ as your Attorney...and his Twelve disciples as your witnesses..**it simply does not work the way you think or like. The only way out, I tell you now, and I am sure you will hear it again at your sentencing...is to cooperate, that is the way the 'Game' works. Further here in this Country, the United States of America, you have no Right that the white man has to respect, at least that is what the courts have said... and continue to say."

Doc. 9; Cr. Doc. 151, page 5 (emphasis in original).

Further, in Ground Four (4), Marin contends his counsel told him:

3

> "You either agree to plead Guilty, to the charges today, or I will put in a motion to withdraw...and most likely you will be appointed a counsel that will care even less than I do, and will most likely end up with a life sentence."

Doc. 9; Cr. Doc. 151, page 9.

However, a review of the transcript from the change of plea hearing contradicts Marin's claims that his guilty plea was forced, coerced, and against his will. The court inquired if anyone promised, threatened, or forced Marin to enter his plea, and whether Marin was satisfied with the advice of his counsel in this matter:

| | |
|---|---|
| The Court: | Has anybody **forced you or threatened you** in any way to get you to plead guilty? |
| Defendant Marin: | **No.** |
| The Court: | **Has anyone done anything you think unfair to get you to plead guilty?** |
| Defendant Marin: | **No.** |

Transcript of Change of Plea Hearing, page 9 (emphasis added).

| | |
|---|---|
| The Court: | **And Mr. Marin, are you satisfied with the advice and representation your lawyer has given** you in this case? |
| Defendant Marin: | **Of course. Of course.** |

Transcript of Change of Plea Hearing, page 18 (emphasis added).

Further, in Ground Two (2), Marin contends that he "adamantly stated his desire to go to trial" but his counsel:

> "[I]nsisted that [Marin] 'Plead Guilty & Cooperate' with the Government to obtain a lesser sentence.. as 'Movant had no viable defense.'"

Doc. 9; Cr. Doc. 151, page 6.

4

This claim has no merit because by pleading guilty, Marin waived any claim of pre-plea ineffectiveness. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992). The court inquired at the change of plea hearing whether Marin wanted to waive his right to a trial. The court explained Marin's right to go trial instead of pleading guilty. However, Marin agreed to plead and waived his right to trial:

> The Court: Now, even though each of you says that you want to plead guilty, you have the right to a take your case to trial, to have a jury trial in a courtroom like this, to require the government to prove to a jury, that is, a group of citizens 12 in number who are to decide whether you are guilty or not guilty.
>
> And at such trial, you have the right to require the government to prove to that jury's unanimous satisfaction beyond a reasonable doubt your guilt in the case.
>
> At such trial, you would be entitled to be effectively represented by your lawyer. You have a right to cross examine the witnesses appearing against you, that is, to see them, hear them, ask them questions.
>
> You have a right to present a defense, to testify, or to remain silent without any comment made about your decision to remain silent.
>
> And, of course, you have the right to present witnesses, using the power of the court to bring these witnesses to court.
>
> When you plead guilty, there will be no trial. And you will be giving up all the rights I've just mentioned. The only matter to decide will be what sentence you are to receive.

Transcript of Change of Plea Hearing, page 16.

| | |
|---|---|
| The Court: | Mr. Marin, do you understand that by pleading guilty, there will be no trial? |
| Defendant Marin: | Yes. |
| The Court: | Any that the only matter to decide will be what sentence you are to receive? |
| Defendant Marin: | Yes. |
| The Court: | Do you have any question about any of the rights that I've just mentioned? |
| Defendant Marin: | No. |

Transcript of Change of Plea Hearing, page 17.

Marin cannot meet the prejudice prong of *Strickland*. The record demonstrates that the court conducted a thorough plea colloquy. During a plea colloquy, a district court has three concerns: (1) to ensure that the guilty plea is free of coercion; (2) ensure that the Defendant understands the nature of the charges against him; and (3) ensure that the Defendant is aware of the direct consequences of the guilty plea. *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003). The change of plea hearing transcript and the record in this case establish that Marin understood the consequences of his guilty plea, his plea was free from coercion, and that he understood the nature of the charges against him.

Because Marin's plea was informed, voluntary, and knowing, he has failed to demonstrate that he suffered any prejudice from his attorney's actions. Furthermore, Marin has not provided any evidence, other than his allegations in the present pleading, of the statements he claims his counsel made to him.

Marin has failed to show prejudice. Therefore, under the applicable law, this Court is not required to address whether counsel's performance was deficient. Since Marin fails to meet the requirement of the prejudice prong of the *Strickland* test, there is no need for further inquiry of

6

the performance prong. Marin is not entitled to relief on his claims of ineffective assistance of counsel because his claims lack merit.

*Lack of Jurisdiction Claim (Ground 3)*

A Defendant who pleads guilty waives all non-jurisdictional challenges to his conviction. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008). However, a challenge to the subject matter jurisdiction of the Federal courts cannot be waived. *United States v. Betancourth*, 554 F.3d 1329 (11th Cir. 2009). Therefore, Marin has not waived this issue by his guilty plea.

In *De La Garza*, 516 F.3d at 1272, the Defendant was charged with a conspiracy to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. The go-fast vessel the Defendant was on displayed no flags and had no indicia of nationality. *Id* at 1268. The vessel was stopped and boarded by the United States Coast Guard, who seized the cocaine onboard the go-fast. The Defendant was brought into the United States, where he plead guilty to the charges. During the plea, the Magistrate Judge explained the charge, and as part of the explanation, noted that the Government claimed it had jurisdiction over the vessel. *Id.* at 1272. When asked by the judge if he understood the nature and elements of the charge, the Defendant acknowledged that he understood both and agreed the facts asserted by the Government were true. The Defendant conceded in his plea that the court had jurisdiction and authority to impose a sentence upon him. *Id.* at 1268. The Defendant appealed the subject matter jurisdiction of the district court; however, the appellate court upheld the district court's findings that the facts were sufficient to find the vessel was a "vessel without nationality," and the district court had subject matter jurisdiction. *Id.* at 1272.

The facts of Marin's case are almost identical to *De La Garza*. Like *De La Garza*, Marin was questioned about the facts the government had to prove, including the vessel's being without nationality and being subject to the jurisdiction of the United States. Marin, like *De La Garza*, agreed these facts were correct during his change of plea, establishing subject matter jurisdiction of the district court.

Marin plead guilty under Title 46 Appendix, U.S.C. § 1903, the statute that was in effect at the time of his arrest and guilty plea. This statute states in pertinent part:

> (c) "Vessel subject to the jurisdiction of the United States" and "vessel without nationality" defined; claim of nationality or registry
>
> (1) For purposes of this section, a "vessel subject to the jurisdiction of the United States" includes –
> (A) a vessel without nationality; ...
>
> (2) For purposes of this section, a "vessel without nationality" includes...
> (B) any vessel aboard which the master or person in charge fails, upon request of an officer of the United States empowered to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel; ...

Marin's Pre-Sentence Investigative Report, prepared prior to his sentencing, paragraph 11, states that "no one on board the go-fast vessel claimed to the captain or master." Those facts were not disputed or objected to by Marin in either written objections to the PSR or orally at sentencing. The facts were accepted and adopted by the court at sentencing. Transcript of Sentencing Hearing, page 9.

Furthermore, at his change of plea hearing, Marin agreed the facts the Government would be required to prove at trial were correct. The pertinent part of the facts recited to Marin by the district court were :

8

| | |
|---|---|
| The Court: | The speed boat had no flag and no markings of any nationality, and that the United States Coast Guard determined that the boat was a vessel without nationality. .... Is that information correct? |
| Defendant Marin: | Yes. |

Transcript of Change of Plea Hearing, page 24.

Under these facts, the Government established jurisdiction, and the court determined that Marin was subject to the jurisdiction of the court. Therefore, Marin's claim that the district court did not have subject matter jurisdiction is without merit.

*Evidentiary Hearing*

Marin has the burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). Under rules governing §2255 cases, Rule 4(b), a district court faced with a §2255 motion may make an order for its summary dismissal "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. foll. § 2255). Accordingly, no hearing is required when the record establishes that a §2255 claim lacks merit. *See United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).

Marin has not established any basis for an evidentiary hearing because the issues he raises are not cognizable and are based on faulty legal reasoning.

Having considered Marin's arguments, the Court orders:

That Abraham De Jesus Marin's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. 9; Cr. Doc. 151) is **denied**. The Clerk is directed to enter judgment against Marin in the civil case and to close that case.

It is further ordered that Marin's Supplement on Motion for Summary Judgment (Doc. 19) filed in the civil case is moot, as this court previously denied his Motion for Summary Judgment (Docs. 15 & 16).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A COA may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**ORDERED** in chambers at Tampa, Florida on this 18th day of June, 2009.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
AUSA: Stephen Muldrow
Pro Se: Abraham de Jesus Marin